UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER JR.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TAMARA HARBER-PICKENS, et al.,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-01775-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF BE ORDERED TO PAY THE FILING FEE WITHIN FORTY-FIVE DAYS OF ORDER ADOPTING THESE FINDINGS AND RECOMMENDATIONS<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.　　BACKGROUND**

Plaintiff Billy Driver Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis*. However, because Plaintiff has accumulated three "strikes" under the Prison Litigation Reform Act ("PLRA") and is not in imminent danger of serious physical injury, any *in forma pauperis* application would be futile. Accordingly, the Court recommends that an order be issued requiring Plaintiff to pay the filing fee within forty-five days or risk dismissal of this suit without prejudice.

///

1

## II. THE THREE-STRIKES PROVISION OF 28 U.S.C § 1915(g)

The party instituting any civil action or suit is required to pay a filing fee. *See* 28 U.S.C. § 1914(a) ("The clerk of each district shall require the parties instituting civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."). Litigants may obtain relief from the filing fee—sometimes entirely and sometimes from the obligation to pay the filing fee in one installment—by applying for *in forma pauperis* status. 28 U.S.C. § 1915 governs proceedings *in forma pauperis*. That statute provides that "[i]n no event shall a prisoner bring a civil action … if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…this means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citations omitted); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986-87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'"). Indeed, the central question is whether the dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

## III. PLAINTIFF'S STRIKES

Plaintiff initiated this action on December 19, 2019. (ECF No. 1.) The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of: 1) *Driver v. Martel*, 2:08-cv-01910-GEB-EFB (E.D. Cal. Sept. 16, 2009) ("*Martel*"); 2) *Driver v. Kelso et al.*, 2:11-cv-02397-EFB (E.D. Cal. Sept. 12, 2012) ("*Kelso*"); and 3) *Driver v. Epp, et al.*, 2:12-cv-00589-EFB, (E.D. Cal. Sept. 5, 2012)

("*Epp*").

In *Martel*, the district judge adopted findings and recommendations recommending dismissal for failure to state a claim. The order adopting specifically acknowledged that "this action is dismissed for failure to state a claim." Thus, this dismissal counts as a "strike" pursuant to section 1915(g).

*Kelso* and *Epp* require further analysis. In *Epp*, Plaintiff consented to magistrate judge jurisdiction prior to an appearance by any defendant. In line with district practice at the time, on September 5, 2012, the Magistrate Judge screened and dismissed the complaint, finding that it failed to state a claim and that this failure could not be cured by amendment.

In 2017, the Ninth Circuit decided *Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017), which generally held that a magistrate judge lacks jurisdiction to dismiss a prisoner plaintiff's complaint upon screening without the consent of all parties—even unserved and not yet appearing defendants. However, the Ninth Circuit has since clarified that dismissals for failure to state a claim issued by magistrate judges prior to *Williams* in which the plaintiff consented to magistrate jurisdiction before an appearance by a defendant may still count as strikes. Specifically, in *Hoffman v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019), the Ninth Circuit found that dismissals issued by magistrate judges prior to *Williams* in which the plaintiff consented to magistrate jurisdiction before any appearance by a defendant could be "strikes" under the PLRA. This is so, the Ninth Circuit concluded, because to hold otherwise would allow a plaintiff to escape the consequences of a prior judgement through an untimely collateral attack. *Id.* at 1150. Here, the *Epp* dismissal, issued prior to *Williams*, qualifies as a strike even though issued by a magistrate judge and without consent of unserved defendants. *See also Jones v. Alameda Dist. Attorney's Office*, No. 19-cv-04428-RS (PR), 2019 WL 4845694 at *1, n. 2 (N.D. Cal. Oct. 1, 2019 (citing *Hoffman* and counting dismissal orders signed by magistrate judges as "strikes" under § 1915(g)).

Next is *Kelso*. A review of the docket sheet reveals that Plaintiff consented to magistrate judge jurisdiction prior to appearance by any defendant. The Magistrate Judge screened the complaint and found that it failed to state a claim. The Magistrate Judge dismissed the complaint with leave to amend within thirty days. But Plaintiff failed to file an amended complaint in that

3

time. The Magistrate Judge then issued an order and corresponding judgment dismissing the action. The order noted that the complaint was previously dismissed for failure to state a claim and that Plaintiff failed to file an amended complaint. The Magistrate Judge then ordered the action be dismissed but did not specify whether such dismissal was for failure to state a claim or failure to prosecute. The dismissal order was dated September 12, 2012, which was before the Ninth Circuit's decision in *Williams*.

The Court finds that the dismissal in *Kelso* should count as a "strike." As in *Epp*, that the Magistrate Judge entered the dismissal is not dispositive to the analysis. *See Hoffman*, 928 F.3d at 1149-1150 (noting that although "a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape the consequences of [a] prior judgment [] through an untimely collateral attack."). The issue becomes whether lack of clear language that the dismissal was for a failure to state a claim prevents the dismissal from qualifying as a "strike."

The Ninth Circuit addressed this issue in *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017). There, the Ninth Circuit held that, "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Id.* at 1143. The Ninth Circuit found such dismissals count as "strikes" because they "'rang the PLRA bells of…failure to state a claim,' even if the 'procedural posture' meant that the entry of judgement in each case was delayed until it became clear that Harris would not file an amended complaint that did state a claim.'" *Id.* (citing *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 433 (D.C. Cir. 2007) (holding that it would be "hypertechnical" to not assess a strike for an appeal that was formerly dismissed for failure to prosecute when the underlying reason for the dismissal was a finding of frivolousness).

So too here, Plaintiff's complaint was dismissed for failure to state a claim with leave to amend, Plaintiff failed to amend, and then a judgment of dismissal was entered against him. Such a dismissal "rang the PLRA bells of…failure to state a claim." *El-Shaddai*, 833 F.3d at 1042.[1]

---

[1] The Court recognizes that the Ninth Circuit in *Harris* dealt with a "district court" initially dismissing the complaint

4

Accordingly, pursuant to *Harris*, *Kelso* qualifies as a "strike" under the PLRA. And because Plaintiff has three "strikes" under the PLRA, and, as discussed below has not adequately plead imminent danger of harm, he may not proceed *in forma pauperis* in this action and should be ordered to pay the filing fee.

### IV. IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

Plaintiff may escape the three "strikes" bar to *in forma pauperis* status by showing that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). Moreover, "[t]here must also be some nexus between the alleged ongoing imminent danger and the claims presented." *Mitchell v. Davey*, 2018 WL 1586449 at *3, n.4 (E.D. Cal. April 2, 2018) (collecting cases).

Here, the allegations in Plaintiff's Complaint, as well as the administrative appeals he attached to same, mostly appear to relate to allegations of property loss and lack of access to the court. Specifically, Plaintiff asserts a claim premised upon a lack of access to the courts because the County of Kern "Clerks of Court" deprived him of access to a court docket number. Plaintiff also appears to allege that "c/o GA" and "c/o Martinez" lost his computer tablets.

---

for failure to state a claim, as opposed to a magistrate judge. However, pursuant to *Hoffman*, the Court finds this distinction immaterial. In dismissals entered prior to *Williams* in which the plaintiff consents to magistrate jurisdiction prior to appearance by a defendant, the magistrate judge is effectively the "district court" for purposes of analyzing "strikes" under the PLRA. *See Hoffman*, 928 F.3d at 1151.

Plaintiff does, however, include two conclusory allegations related to imminent harm. At one point, Plaintiff states that "I am in imminent dangers of more harm(s) by rogue violent cop(s) @ KVSP-EOP as of December 4th, 2019." He also states that he "throws himself on the mercy of the Court and state [sic] that he is in danger of over forced medication etc." as of December 4, 2019.

The Court finds that Plaintiff's allegations are too conclusory to support a finding of imminent danger. Moreover, the allegations related to imminent harm appear to have nothing to do with the issues in Plaintiff's Complaint which, according to Plaintiff, deal with access to the court and property loss. While Plaintiff does label one claim as "28 USC 1915(g) imminent danger of more physical harm!" he, again, includes no facts from which the Court could plausibly infer that Plaintiff faces a "genuine emergency "where "time is pressing" and "a threat…is real and proximate." *Lewis*, 279 F.3d at 531.

For these reasons, the Court finds that Plaintiff has not adequately alleged that he faced an imminent danger of serious injury at the time he filed his Complaint.

### V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be ordered to pay the filing fee in full within forty-five days of service of the order adopting these findings and recommendations; and
2. That this case be dismissed without prejudice if Plaintiff fails to pay the filing fee within that time.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 9, 2020**             /s/ Eric P. Groj
                                       UNITED STATES MAGISTRATE JUDGE